ALMON, Justice.
Ricky D. Adkins petitions for a writ of mandamus ordering Judge Robert Austin, the circuit judge who presided over Adkins’s capital murder trial, to recuse himself from presiding over the proceedings on Adkins’s Rule 32, Ala. R.Crim. P., petition for relief from the judgment of conviction and the sentence of death. The Rule 32 petition alleges that since his trial and the affirmance of his conviction and sentence matters have come to light that show that Judge Austin was not “a neutral and impartial judicial officer.” Adkins argues in his mandamus petition that Judge Austin should not hear and decide the question of his own impartiality that is raised in the Rule 32 petition.
For the direct appeal from Adkins’s conviction, see Adkins v. State, 600 So.2d 1054 (Ala.Crim.App.1990), remanded, 600 So.2d 1067 (Ala.), remanded with directions, 600 So.2d 1072 (Ala.Crim.App.1992), on return to remand, 639 So.2d 515 (Ala.Crim.App.1993), affirmed, 639 So.2d 522 (Ala.1994).
In its initial opinion affirming Adkins’s conviction, the Court of Criminal Appeals rejected an argument that Judge Austin should have recused himself:
“The appellant also argues that Judge Austin should have recused himself from the case since the election for the circuit judge position for which he was temporarily appointed was several weeks away and that fact, the appellant argues, could have affected the way he conducted the trial in the instant case.
[[Image here]]
“After a review of the record, we see no indication that the appellant was prejudiced in any way by Judge Austin’s presiding over the trial. It would be unreasonable to hold that Judge Austin should have recused himself. This would imply that every time a judge was up for reelection or election to a different judgeship he would have to recuse himself from any publicized case directly prior to the election. To hold so here “would lead to judicial abandonment of responsibility for the purity of the judicial process and ultimately undermine the independence and integrity of the courts.’ United States v. Alabama, 582 F.Supp. 1197, 1208 (N.D.Ala.1984), aff'd, 762 F.2d 1021 (11th Cir.1985). Judge Austin committed no error in failing to recuse himself from this case.
“The appellant also argued that since the trial judge denied his motion for a continuance he has shown his bias in this ease. Adverse rulings are not, standing alone, sufficient to show that a judge is *156 biased or prejudiced and should have re-cused himself. [Citations omitted.]”
600 So.2d at 1062-63.
The Rule 32 petition, in pertinent part, makes virtually the same allegations, but presents more evidence asserted to support the argument, such as an item from Judge Austin’s campaign literature. However, this petition for the writ of mandamus does not present the merits of these allegations for our review. Rather, the question is simply whether Judge Austin is disqualified from making an initial ruling on the Rule 32 petition because some of the grounds of that petition charge him with failing to conduct an impartial trial.
Rule 32.1 provides that “any defendant who has been convicted of a criminal offense may institute a proceeding in the court of original conviction to secure appropriate relief on [specified grounds].” Rule 32.5 provides: “Petitions filed under this rule shall be filed in and decided by the court in which the petitioner was convicted.” Rule 32.6(d) provides: “The proceeding shall be assigned to the sentencing judge where possible, but for good cause the proceeding may be assigned or transferred to another judge ” (emphasis added).
We understand Judge Austin’s reluctance to grant the motion requesting that he recuse himself from hearing the Rule 32 petition, because such a recusal might be viewed, though incorrectly, as conceding the merits of the Rule 32 petition. However, the allegations of the Rule 32 petition will require a decision on whether Adkins has shown that as Adkins alleges, Judge Austin was not a “neutral and impartial judicial officer.” Canon 3(C)(1) of the Canons of Judicial Ethics provides: “A judge should disqualify himself in a proceeding in which ... his impartiality might reasonably be questioned....” Judge Austin’s impartiality on the matters alleged in the Rule 32 petition might reasonably be questioned, and, therefore, it is appropriate for another judge to rule on that petition.
Because Rule 32.6(d) provides for a transfer to another judge, it would be a simple matter to transfer this Rule 32 petition to another judge. To avoid any appearance of impropriety, see Canon 2 of the Canons of Judicial Ethics, Judge Austin should transfer Adkins’s Rule 32 petition to another judge. We make no judgment as to whether Judge Austin should recuse, because we do not wish to imply that we hold any view on the merits of the petition or whether it is precluded for any of the reasons stated in Rule 32.2. Therefore, rather than issuing a writ of mandamus ordering Judge Austin to recuse, we deny the writ conditioned upon Judge Austin’s transferring the petition to another judge pursuant to Rule 32.6(d).
WRIT DENIED CONDITIONALLY.
HOOPER, C.J., and MADDOX, SHORES, HOUSTON, KENNEDY, and COOK, JJ., concur.